IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 17 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| JACORI CARTER, | CASE NO. 7:12CV00339 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| UNNAMED WALLENS RIDGE STATE PRISON EMPLOYEES,[1] | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendant(s). | |

Jacori Carter, a Virginia inmate proceeding pro se, submitted a pleading styled: "Re: Order for [a] Preliminary Injunction," which the court construed as a motion for preliminary injunction, and as a new civil rights complaint under 42 U.S.C. § 1983. Carter alleged that officials at Wallens Ridge State Prison were refusing to allow him to participate in the Ramadan feast which began July 20, 2012, in violation of his First Amendment right to free exercise of his Nation of Islam religious beliefs. The court issued an order on July 27, 2012, directing the Warden of Wallens Ridge to show cause why injunctive relief should not enter. By separate order, the court directed Carter to provide appropriate financial information and to amend his complaint to name defendants and make a complete statement of his claims.

Based on Warden Holloway's timely response, the court now concludes that this action must be summarily dismissed, because the only requested relief is now moot.

---

[1] Because Carter's original motion for preliminary injunctive relief did not name any defendants related to his Ramadan claims, the court styled this new action as against Unknown Wallens Ridge State Prison Employees, Case No. 7:12CV00339, and the parties shall continue to use this heading to avoid confusion. The court's orders entered on July 26-27, 2012, inadvertently retained the style of Carter's other case, Carter v. Farmer, Case No. 7:12CV00008, regarding claims of excessive force.

I

Carter states that he is an adherent of the Nation of Islam religion and sincerely believes that his faith requires him to observe the Ramadan fast, as demonstrated in his prior lawsuit, Case No. 7:11CV00477. Carter participated in the Ramadan fast at Red Onion State Prison in past years, and Red Onion officials had authorized him to participate in Ramadan 2012. On June 28, 2012, prison officials transferred Carter to Wallens Ridge. Carter submitted several requests to officials at Wallens Ridge, asking to be placed on the list to participate in Ramadan.

According to Carter, this year's Ramadan observance began on July 20, 2012 at 4:00 a.m. As the start of the fast approached, Carter learned that he was not on the Ramadan list and filed this action, asking the court to direct Wallens Ridge officials to allow Carter to participate in the Ramadan fast.

Warden Holloway does not take issue with Carter's allegations. Holloway states that from his examination of records, it appears that after Carter's transfer from Red Onion to Wallens Ridge, officials there inadvertently failed to add Carter's name to the Ramadan Participation List. Holloway Affid. ¶ 4. Warden Holloway, when he was made aware of this mistake through the filing of the present action, corrected the oversight, and Carter was added on the Participation list as of July 27, 2012. Holloway Affid. ¶ 4.

On August 7, 2012, Carter filed a motion for an extension of time to exhaust his administrative remedies as to his Ramadan claims. In his motion, Carter agrees that he was allowed to participate in the Ramadan fast as stated in the Warden's response. Carter complains, however, about the quality of the food served to Ramadan participants, alleging that officials have served him cold meals, small portions, and, on one occasion, rotten fruit. Carter states his intention to file a proper complaint after exhaustion administrative remedies.

## II

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). To state a claim under the First Amendment that prison officials or regulations have violated an inmate's right to free exercise of religion, a plaintiff must prove that he holds a sincere religious belief and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). The Supreme Court defines a "substantial burden" as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981). Plaintiff must prove not only that prison officials placed a substantial burden on his ability to exercise his religious practice, but also that they knowingly did so; inadvertent or negligent interference with an inmate's religious practice does not rise to constitutional proportions. Lovelace v. Lee, 472 F.3d 174, 194 (4th Cir. 2006).

A federal court has no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (omitting internal quotations). A case becomes moot when "the issues presented are no longer live." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (omitting internal quotations). Where a prisoner seeks injunctive relief from an allegedly unconstitutional prison condition, the

prisoner's claim is rendered moot when he is no longer subject to the challenged condition. See, e.g., Magee v. Waters, 810 F.2d 451 (4th Cir. 1987).

The court concludes that this civil action is now moot. The only form of relief Carter requested in his initial pleading was a preliminary injunction directing that he be allowed to participate in Ramadan. By his own admission, and based on the Warden's undisputed affidavit, Carter has been participating in the Ramadan fast since July 27, 2012. Because Carter is no longer being deprived of his right to participate in the Ramadan celebration, the court cannot grant the only form of relief Carter sought and will accordingly dismiss the action as moot.

Carter moves for an extension of time to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) before he can file a § 1983 complaint stating other claims regarding Ramadan 2012, and seeking other forms of relief. The court does not find it appropriate to continue this action for the reasons Carter gives. Carter does not allege facts suggesting that occasionally receiving cold or unappetizing food during his celebration of Ramadan has substantially burdened his ability to exercise his religious beliefs. Therefore, the additional claims Carter mentions do not rise to the level of a First Amendment violation, Thomas, 450 U.S. at 718, and do not warrant extending the life of this moot case. Carter may seek to resolve these issues during the process of exhausting his available administrative remedies. Once Carter has completed the exhaustion process, if he is not satisfied with the results, he may submit a new and separate civil action, if warranted, naming proper defendants and making a clear statement of any actionable claims he may have related to Ramadan 2012.

For the reasons stated, the court summarily dismisses this action without prejudice as moot. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of August, 2012.

                                                                                       */s/ Glen Conrad*
Chief United States District Judge